LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ., SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA  91356-3375
(818) 999-5553 / (818) 999-5570 - fax
mike@schulmanlawoffices.com

Attorneys for
ENHANCED RECOVERY COMPANY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RUBITH HERNANDEZ,                          )   CASE NO.:
                                           )
            Plaintiff,                     )   NOTICE OF REMOVAL
                                           )
      v.                                   )
                                           )
ENHANCED RECOVERY COMPANY, LLC; )
and DOES 1 through 10, inclusive,          )
                                           )
            Defendant.                     )
                                           )
                                           )

      Defendant, Enhanced Recovery Company, LLC ("ERC"), by and through its undersigned

counsel, and pursuant to 28 U.S.C. § 1446, hereby files its Notice of Removal of this action from the

Superior Court of the State of California, for the County of Orange, to the United States District Court

for the Central District of California, Western Division, and shows the Court as follows:

      1.    On June 23, 2017, Plaintiff, Rubith Hernandez ("Plaintiff"), filed a civil action in the

Superior Court of the State of California, for the County of Orange, styled *Rubith Hernandez v.*

*Enhanced Recovery Company, LLC; Does 1-10 inclusive*, Case No.: 30-2017-00928012-CL-NP-CJC,

which was served on ERC through its registered agent on June 29, 2017.

2.     This Notice of Removal is being filed within thirty days of ERC's receipt of Plaintiff's Summons and Complaint and, therefore, pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely and proper.

3.     Additionally, pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the state court and known to have been served by, or upon ERC, or any other defendant, are attached hereto as composite Exhibit "A." ERC is not aware of any further proceeding in the above-described civil action.

4.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this civil action involves a federal question.

5.     Plaintiff alleges that ERC reported knowingly reported false information regarding her and an account with Time Warner Cable to one or more consumer reporting agencies, thereby violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Plaintiff's claim alleging one or more violations of the Fair Debt Collection Practices Act arises under the laws of the United States and, under 28 U.S.C. § 1441(a), is removable to this Court.

6.     Plaintiff further alleges that ERC violated California state statutes, the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, *et seq.*, and the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785, *et seq.* The alleged violations of state law are premised on the same conduct allegedly in violation of the Fair Debt Collection Practices Act and, therefore, this court has supplemental jurisdiction over the claims under 28 U.S.C. § 1367, and this matter is removable to this Court in its entirety.

7.     ERC will promptly file the Notice of Filing Notice of Removal attached hereto as Exhibit "B,"[1] with a copy of this Notice of Removal, in the Office of the Clerk of the Superior Court of the

---

1 Omitted from Exhibit "B" is Exhibit 1 of the Notice of Filing, which consists of this Notice of Removal.

State of California, County of Orange Court, pursuant to 28 U.S.C. § 1446(d).  ERC will promptly

provide a written copy of the Notice of Removal to Plaintiff.

DATED:  July 28, 2017                                LAW OFFICES OF MICHAEL D. SCHULMAN


By _____
    MICHAEL D. SCHULMAN
    Attorneys for
    ENHANCED RECOVERY COMPANY, LLC

# EXHIBIT "A"

6-29-17 @ 1:40

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ENHANCED RECOVERY COMPANY, LLC; DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RUBITH HERNANDEZ,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/23/2017** at 12:28:37 PM
Clerk of the Superior Court
By Jeanette Torres-Mendoza, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central Justice Center

700 Civic Center Drive West
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):* 30-2017-00928012-CL-NP-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

DATE: 06/23/2017  DAVID H. YAMASAKI, Clerk of the Court        Clerk, by _Jeanette Jones_, Deputy
*(Fecha)*                                                       *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Jeanette Torres-Mendoza

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **ENHANCED RECOVERY COMPANY, LLC**

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6-29-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Meghan E. George (274525)
Thomas E. Wheeler (308789)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**06/23/2017** at 12:28:37 PM
Clerk of the Superior Court
By Jeanette Torres-Mendoza,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF ORANGE
### LIMITED JURISDICTION

| | |
|---|---|
| RUBITH HERNANDEZ, | CASE NO.: 30-2017-00928012-CL-NP-CJC |
| Plaintiff, | COMPLAINT |
| -vs- | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| ENHANCED RECOVERY COMPANY, LLC; DOES 1-10 inclusive, | 2. Violation of the Fair Debt Collection Practices Act |
| Defendant. | 3. Violation of California Consumer Credit Reporting Agencies Act |
| | JURY DEMANDED |
| | (Amount Not to Exceed $10,000) |

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and for Defendant's violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.25 (a) (hereinafter "CA CCRA"), which regulates

## III. FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.     Defendant reported a debt allegedly owed to Time Warner Cable on Plaintiff's consumer credit report.

8.     The information that Defendant reported is not only derogatory, it is false, misleading, or incomplete.

9.     Plaintiff believes, and thereupon alleges, that at all relevant times, Defendant was aware that the information it reported on Plaintiff's consumer credit report was false, misleading, or incomplete.

10.     Furthermore, Plaintiff believes, and thereupon alleges, that Defendant reported this false, misleading, or incomplete derogatory information on Plaintiff's consumer credit report in connection with collection on an alleged debt.

11.     As a result of Defendant's actions, Plaintiff have retained counsel. Plaintiff's counsel sent a notice of representation on or about November 16, 2016.  Defendant has failed to respond to that letter at this time.

12.     Due to the reporting, Defendant suffered emotional stress and a tarnished credit score that could, will, and will continue to, prevent Plaintiff from certain purchases and/or loans.

13.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C.  §1692d, and §1692d(5).

14.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

      a)  Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

the collection, dissemination, and use of consumer information, including consumer credit information.

## II. PARTIES

2.      Plaintiff, RUBITH HERNANDEZ ("Plaintiff"), is a natural person residing in Orange County in the state of California, and is a "debtor" and a "consumer" as defined by Cal. Civ. Code §1788.2(h) and 15 U.S.C. §1692a(3), respectively. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a.

3.      At all relevant times herein, Defendant, ENHANCED RECOVERY COMPANY, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f), and as a "debt," as defined by 15 U.S.C. §1692a(5).  Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c) and FDCPA, 15 U.S.C. §1692a(6).  Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the CA CCRA.

4.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

b) Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e(10));

d) Using unfair or unconscionable means to collect or attempt to collect any debt (15 U.S.C. § 1692f);

e) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (15 U.S.C. § 1692f(1)); and

f) Collecting an amount from Plaintiff that is not permitted by law (15 U.S.C. § 1692f(1)).

15.     Further, Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

16.     Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

17.     As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased.  Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

18.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

19.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

20.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

b. Decreased credit score which may result in inability to obtain credit on future attempts.

21.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

22.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

23.    Defendant violated sections the CA CCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a.    Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   b.    Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

24.    Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

25.    As a result of the above violations of the RFDCPA, FDCPA, and CA CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees

## COUNT 1: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

26.    Plaintiff reincorporates by reference all of the preceding paragraphs.

27.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   A.    Actual damages;

B.     Statutory damages for willful and negligent violations;
C.     Costs and reasonable attorney's fees; and
D.     For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF FAIR DEBT
COLLECTION PRACTICES ACT**

28.    Plaintiff reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Actual damages;
B.     Statutory damages;
C.     Costs and reasonable attorney's fees; and
D.     For such other and further relief as may be just and proper.

**COUNT III: VIOLATION OF
CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

29.    Plaintiff incorporates by reference all of the preceding paragraphs.

30.    California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

31.    California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

32.    California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

33.    Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

COMPLAINT
6

1    34.    Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the

2  remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and

3  suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than

4  $5,000, for each violation as the Court deems proper.

5                          **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff respectfully requests that judgment be entered against

7  Defendant for the following:

8            A.    Actual damages;
         B.    Statutory damages;
9            C.    Costs and reasonable attorney's fees; and
         D.    For such other and further relief as the Court may deem just and proper.
10

11           **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

12

13   35.    Plaintiff demands a trial by jury pursuant to her right under Article 1, Section 16

14  of the Constitution of the State of California on all issues so triable.

15       Respectfully submitted this 23d of June, 2017

16                    By:

17                         Todd M. Friedman, Esq.
                      Law Offices of Todd M. Friedman, P.C.
18                         Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

COMPLAINT
7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, RUBITH HERNANDEZ | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**06/23/2017** at 12:28:37 PM<br>Clerk of the Superior Court<br>By Jeanette Torres-Mendoza,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

| CASE NAME:<br>RUBITH HERNANDE v. ENHANCED RECOVERY COMPANY, LLC | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2017-00928012-CL-NP-CJC |
|---|---|---|
| ☐ Unlimited   ☑ Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

**2.** This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
**4.** Number of causes of action (specify): 3
**5.** This case ☐ is ☑ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: June 23, 2017

Todd M. Friedman
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　　Asbestos Property Damage
　　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　　Medical Malpractice— Physicians & Surgeons
　　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　　Premises Liability (e.g., slip and fall)
　　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　　Intentional Infliction of Emotional Distress
　　Negligent Infliction of Emotional Distress
　　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　　Negligent Breach of Contract/ Warranty
　　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　　Collection Case–Seller Plaintiff
　　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　　Auto Subrogation
　　Other Coverage
Other Contract (37)
　　Contractual Fraud
　　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　　Writ of Possession of Real Property
　　Mortgage Foreclosure
　　Quiet Title
　　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　　Writ–Administrative Mandamus
　　Writ–Mandamus on Limited Court Case Matter
　　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　　Review of Health Officer Order
　　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　　Abstract of Judgment (Out of County)
　　Confession of Judgment *(non-domestic relations)*
　　Sister State Judgment
　　Administrative Agency Award *(not unpaid taxes)*
　　Petition/Certification of Entry of Judgment on Unpaid Taxes
　　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　　Declaratory Relief Only
　　Injunctive Relief Only *(non-harassment)*
　　Mechanics Lien
　　Other Commercial Complaint Case *(non-tort/non-complex)*
　　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　　Civil Harassment
　　Workplace Violence
　　Elder/Dependent Adult Abuse
　　Election Contest
　　Petition for Name Change
　　Petition for Relief From Late Claim
　　Other Civil Petition

# EXHIBIT "B"

1 | LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ., SBN 137249
2 | 18757 Burbank Blvd., Suite 310
Tarzana, CA  91356-3375
3 | (818) 999-5553 / (818) 999-5570 - fax
mike@schulmanlawoffices.com
4 |
5 | Attorneys for
ENHANCED RECOVERY COMPANY, LLC
6 |
7 |
8 | SUPERIOR COURT CALIFORNIA, COUNTY OF ORANGE
9 | CENTRAL COURTHOUSE, LIMITED CIVIL
10 |
11 | RUBITH HERNANDEZ,                )   CASE NO.:   30-2017-00928012-CL-NP-CJC
                                     )
12 |          Plaintiff,             )   NOTICE OF FILING NOTICE OF
                                     )   REMOVAL
13 |     v.                          )
                                     )
14 |                                 )
     ENHANCED RECOVERY COMPANY, LLC; )
15 | and DOES 1 through 10, inclusive, )
                                     )
16 |          Defendant.             )
                                     )
17 | _____)

18 |     PLEASE TAKE NOTICE that Defendant, Enhanced Recovery Company, LLC ("ERC"), has

19 | on this date filed a Notice of Removal, a copy of which is attached as Exhibit "1,"[1] with the Clerk of

20 | the Court for the United States District Court, for the Central District of California.

21 |     ERC has given written notice of the filing of the Notice of Removal to Plaintiff, Rubith

22 | Hernandez, by notifying his counsel of record.  Pursuant to 28 U.S.C. § 1446(d), the above-styled

23 |

24 | Civil Court action is now removed to the United States District Court for the Central District of

25 |

26 |

27 |

28 | _____
1 Omitted from Exhibit "1" are Exhibits "A" and "B" of the Notice of Removal, which consists of the documents in this Court, as well
as this Notice of Filing Notice of Removal.

1 | California and all further proceedings in this Court are stayed unless and until the case is remanded.

2 | DATED:  July 28, 2017                LAW OFFICES OF MICHAEL D. SCHULMAN

4 | By_____

5 | MICHAEL D. SCHULMAN
Attorneys for
6 | ENHANCED RECOVERY COMPANY, LLC

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA  91356-3375.

On July 28, 2017, I served the document described as:

**NOTICE OF FILING NOTICE OF REMOVAL**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Meghan E. George, Esq.
Thomas E. Wheeler, Esq.
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA  91367

_X_   BY MAIL

As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___   BY PERSONAL DELIVERY.

_X_  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 28, 2017, at Tarzana, California.

| | |
|---|---|
| _____ | _____ |
| Yvette Montejo | Signature |
| Print Name | |

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

        I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA  91356-3375.

        On July 28, 2017, I served the document described as:

**NOTICE OF REMOVAL**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Meghan E. George, Esq.
Thomas E. Wheeler, Esq.
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA  91367

 _X_   BY MAIL

        As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___  BY PERSONAL DELIVERY.

___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 _X_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

        Executed on July 28, 2017, at Tarzana, California.



Yvette Montejo
Print Name

Signature